567 A.2d 345

**James ALLEN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 1989.

Decided Dec. 11, 1989.

---

Robert B. Stewart, III, Chief Public Defender of Hunting-don County, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

James Allen appeals an order of the Pennsylvania Board of Probation and Parole recommitting Allen to a state correctional institution as a convicted parole violator to serve a total of sixty months on backtime. We affirm in part and remand in part.

Allen was paroled on September 13, 1985, to an approved plan in Philadelphia. On February 19, 1987, the Philadelphia police arrested Allen and charged him with multiple robberies at gunpoint and related offenses. The board lodged its warrant and detainer against Allen on February 24, 1987. The Philadelphia police filed additional charges against Allen while he was in custody.

On October 9, 1987, a Philadelphia County Common Pleas Court jury found Allen guilty of criminal conspiracy, for which he was sentenced to a term of five-to-ten years. On April 18, 1988, Allen pleaded guilty to a separate offense of criminal conspiracy, and received an additional sentence of two-and-one-half-to-five years to run consecutively to the previous sentence.

On August 23, 1988, the board conducted a parole revocation hearing, at which Allen challenged the second degree felony classification attached to both new convictions and the timeliness of the hearing. The board rejected both arguments and ordered that Allen be recommitted as a convicted parole violator to serve a total of sixty months on backtime for his two new convictions. On March 24, 1989, the board denied Allen's request for administrative relief.

Allen now contends that the board erroneously graded the two criminal conspiracy convictions as second degree felonies, and accordingly, committed an error of law by applying the presumptive range for second degree felonies

to compute the sixty months on backtime. Specifically, Allen asserts that both convictions should be graded as first degree misdemeanors rather than second degree felonies because (1) regarding the first conviction, the trial court repeatedly stated to the jury that the criminal object of the alleged conspiracy was "robbery or possessing an instrument of crime"—thus referring, in the alternative, to a felony and a first degree misdemeanor, respectively—and, (2) regarding the second conviction, because the trial court imposed a two-and-one-half-to-five-year sentence, which is the maximum sentence for a first degree misdemeanor. 18 Pa.C.S. § 1104(1).

When the board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the presumptive range. 37 Pa. Code § 75.2. Although the presumptive range for a convicted parole violator committing a robbery graded as a second degree felony is twenty-four months to forty months, the presumptive range for a first degree misdemeanor is six months to twelve months.

 In the first case, although the jury did not specify which of the two offenses it found Allen guilty of conspiring to commit, the board's "convicted violator report" set Allen's "level of guilt" for the charges of "robberies point of gun" to be "F-2," second degree felony. A criminal conspiracy is graded as the most serious offense which is an object of the conspiracy. 18 Pa.C.S. § 905(a). Hence, with robbery involved as an object of the conspiracy, the felony grading was correct.

However, the second conviction, to which Allen pleaded guilty, is not accompanied by any evidence indicating the degree of the crime. The board cites a second convicted violator report as evidence, but the report does not constitute an official record of what Allen acknowledged when he pleaded guilty. Proper evidence would be the indictment to which Allen pleaded guilty.

Because substantial evidence indicates that Allen's first conviction was for committing a second degree felony, we hold that that the board correctly graded that conviction as a second degree felony and applied the corresponding presumptive range to compute Allen's backtime. However, because grading of the second conviction must rest upon some criminal court record as to the object of the conspiracy to which Allen pleaded guilty, and no such foundation exists in the record before us, that aspect of the case must be remanded.

Accordingly, we affirm the decision of the Board of Probation and Parole as to the first conviction, but remand as to the second conviction for a legal determination of the grade of crime which was involved in the conspiracy as to which Allen entered his guilty plea.

## ORDER

NOW, December 11, 1989, the decision of the Pennsylvania Board of Probation and Parole, dated October 3, 1988, is affirmed with regard to the offense grading and assessment of backtime associated with the first conviction, but the case is remanded as to the second conviction for a finding, within forty-five (45) days after the date of this order, as to the grade of crime involved, based upon the criminal court record, and for board action, within the same time period, reconsidering the backtime imposed with respect to the second conviction.

Jurisdiction relinquished.