**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ernest Gene GUNN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 2002.
Filed July 8, 2002.

**752**

Suzanne M. Swan, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, and James R. Gilmore, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before DEL SOLE, P.J., HUDOCK and CAVANAUGH, JJ.

DEL SOLE, P.J.

¶ 1 Following a bench trial, Appellant Ernest Gene Gunn was convicted of robbery and criminal conspiracy. He was sentenced to 25 to 50 years' imprisonment pursuant to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9714(a)(2). On direct appeal, this Court affirmed and the Supreme Court denied allowance of appeal. Thereafter, Appellant filed a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Following the appointment of counsel and the filing of an amended petition, the PCRA court dismissed the petition without a hearing. This appeal followed. For the reasons below, we vacate the judgment of sentence and remand for resentencing.

¶ 2 Appellant was sentenced pursuant to the provision of 42 Pa.C.S.A. § 9714 which calls for an increased penalty when a defendant has previously been convicted of two or more crimes of violence. Appellant claims that this sentence is illegal. First, Appellant claims that the statute is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Second, Appellant contends that the Commonwealth failed to prove by even a preponderance of the evidence that Appellant's prior conviction for conspiracy constituted a crime of violence as defined by the statute.[1] Because we agree with Appellant's second claim, we need not reach the constitutional claim.

¶ 3 The statute in question defines a crime of violence to include "aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) ... or criminal conspiracy ... to commit ... any of the offenses listed ..." 42 Pa.C.S.A. § 9714(g). One of Appellant's previous convictions resulted from his guilty plea to conspiracy. In that case, Appellant had been originally charged with aggravated assault under 18 Pa.C.S.A. § 2702(a)(4) and conspiracy to commit aggravated assault under 18 Pa. C.S.A. § 2702(a)(4). After the preliminary hearing, the Commonwealth added the charge of aggravated assault under 18 Pa. C.S.A. § 2702(a)(1). At the guilty plea

---

1. The Commonwealth contends that this claim is waived. However, as we noted in *Commonwealth v. Holzlein*, 706 A.2d 848 (Pa.Super.1997), this Court's authority to rectify an illegal sentence exceeds the principles of waiver and allows for *sua sponte* review.

hearing, however, the Commonwealth withdrew both counts of aggravated assault and Appellant pled guilty only to conspiracy. In order to invoke the mandatory sentencing provisions of 42 Pa.C.S.A. § 9714, therefore, the Commonwealth had to prove, by a preponderance of the evidence, that Appellant's conspiracy conviction was for conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) since conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(4) does not fit the definition of a crime of violence as set forth in the statute.

¶ 4 Our review of the record does not reveal any evidence from which the sentencing court could have concluded that Appellant pled guilty to conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) rather than aggravated assault under 18 Pa.C.S.A. § 2702(a)(4), or, as the sentencing court concluded, that the one count of conspiracy encompassed both underlying aggravated assault counts. None of the exhibits offered by the Commonwealth refer to anything other than conspiracy, without delineating what the underlying crime was and it is impossible to tell from the information or the sentence imposed whether Appellant pled guilty to conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) or conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(4). Nevertheless, the sentencing court concluded, "the practice in this court has always been where conspiracy count is in the disjunctive that he is pleading guilty to conspiracy to commit all of the above offenses. Notwithstanding the fact that substantive offenses had been withdrawn." N.T., 5/12/98, at 30. However, the practice of the court is not evidence and the Commonwealth's evidence was insufficient to tip the scales one way or the other. Therefore, we conclude that it was error to sentence Appellant to an increased term under 42 Pa.C.S.A. § 9714 because the Commonwealth did not prove, by even a preponderance of the evidence, that Appellant had previously been convicted of two crimes of violence as defined by the statute. We therefore vacate the judgment of sentence and remand for resentencing without application of 42 Pa.C.S.A. § 9714. *See Commonwealth v. Akridge,* 492 Pa. 90, 422 A.2d 487 (1980) (where Commonwealth fails to present sufficient evidence to establish due diligence under Rule 1100, it is error to remand to give Commonwealth another opportunity to present sufficient evidence); *Commonwealth v. Halye,* 719 A.2d 763 (Pa.Super.1998) (sentencing statute found unconstitutional; remanded for resentencing without application of statute).

¶ 5 Order denying post conviction relief reversed. Judgment of sentence vacated and case remanded for resentencing without application of 42 Pa.C.S.A. § 9714. Jurisdiction relinquished.

¶ 6 CAVANAUGH, J. concurs in the result.