**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**James Thomas RILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 2002.

Filed Nov. 14, 2002.

M. Susan Ruffner, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before: LALLY–GREEN, TODD, and HESTER, JJ.

TODD, J.

¶ 1 James Thomas Riley appeals the judgment of sentence of 11 ½ to 23 months imprisonment entered February 20, 2001 by the Court of Common Pleas of Allegheny County following his conviction by a jury of criminal conspiracy.[1] Upon review of the record before us, while we affirm the conviction, we vacate and remand for resentencing.

¶ 2 The relevant facts and procedural history are as follows. Appellant was charged by criminal information filed November 29, 1999 with one count each of criminal conspiracy, burglary[2] and theft by unlawful taking or disposition[3] as a result of an incident that occurred on July 19, 1999 at the home of Joseph Malone in Pittsburgh. Testimony at trial revealed that Malone was romantically involved with Joanne Feicht, but that Feicht was angry with him because he had physically abused her and killed her cats. On July 19, 1999, Appellant Riley was visiting Feicht at her apartment. Also present were Malone and several others. During this time, Feicht secretly revealed to Riley her disdain for Malone because of his actions toward her. At trial, she testified that Riley offered to rob Malone for her and she agreed. Feicht gave Riley directions to Malone's home, which was in the North Hills section of Pittsburgh. Feicht then instructed Riley to remove Malone's garage door opener from his car to gain access to his house while she distracted Malone.

¶ 3 Feicht further testified that when she, Riley and Malone left her apartment, Riley entered Malone's vehicle while offering to drive Feicht and Malone wherever they wanted to go. Feicht stated that she believed Riley had access to Malone's garage door opener while he was in Malone's car and could have removed it at that time, but she did not see him do so. Malone then asked Riley to get out of his car and did not accept Riley's offer to drive. Feicht and Malone then went shopping and to a bar for a few drinks before returning to Feicht's apartment, where they ate dinner. After dinner, Malone fell asleep on the sofa. He awakened later in the evening and Feicht drove him home.

¶ 4 When Feicht and Malone arrived at Malone's house, he quickly discovered that he had been burglarized. He contacted the police to report the burglary and advised them that he believed Feicht had drugged him and burgled his house. He later recanted this story and testified that he did not believe Feicht left her apartment during that time when he had fallen asleep on her sofa. Malone testified at trial that the people who had knowledge of the valuables kept in his home were Feicht, Shirley Hanley, with whom Malone allegedly was involved in a romantic relationship, and Hanley's son. Malone reported to police that more than $200,000 worth of property was missing from his home.

¶ 5 When Feicht initially was questioned about the burglary on the night it was discovered, she denied any involvement. However, on August 7, 1999, Malone and Feicht appeared together at the Ross Township Police Department and Feicht gave an emotional statement to police implicating herself and Riley in the burglary. On December 1, 2000, a jury found Riley guilty of criminal conspiracy, but not guilty of the remaining charges.

¶ 6 On December 14, 2000, Riley filed a Motion for Extraordinary Relief in which

---

1. 18 Pa.C.S.A. § 903(a).

2. 18 Pa.C.S.A. § 3502.

3. 18 Pa.C.S.A. § 3921.

he challenged both the sufficiency and weight of the evidence relied upon. The Honorable W. Terrence O'Brien, who presided over Riley's trial, addressed these issues at the sentencing hearing on February 20, 2001, as well as immediately acknowledging the existence of an ambiguity in the jury's verdict:

> THE COURT: The record should reflect that Mr. Riley [w]as convicted by a jury of conspiracy to commit either theft or burglary. I'm not sure whether that was determined. Count 3 alleges that he conspired with Ms. Ficht [sic] to commit such [crime] or crimes, referring to Count 1 and Count 2, which are burglary and theft. I don't think the jury's verdict indicates necessarily which. Does anyone believe that's an issue?

(N.T. Sentencing, 2/20/01, at 1.)

¶ 7 Defense counsel indicated that she believed that the court should, "in all fairness to Mr. Riley," have to assume that the jury "was indicating his guilt in a conspiracy with regard to the theft by unlawful taking," because to interpret the jury's verdict to mean that Appellant was guilty of conspiracy to commit burglary would increase the potential penalty "without having a clear cut word from the jury." (*Id.*) The Commonwealth argued alternatively that the way the verdict slip was phrased indicated that the jury found Riley guilty of conspiracy to commit both theft and burglary. (*Id.* at 2.) Following extensive argument on the record regarding the fact that burglary is graded as a felony of the first degree and theft is a felony of the third degree, Judge O'Brien stated:

> THE COURT: Of course, the defendant wouldn't have to have entered the house for the defendant to be guilty of conspiracy to burglarize the home. It would be sufficient if he entered into an agreement with somebody else that somebody would go into the house and take something, and I believe that the jury did find him guilty of conspiracy to commit both crimes. I think it's very clear that's the situation here. So, I'm going to make a finding that this conviction is a felony of the first degree.

(*Id.* at 11–12.)

¶ 8 Judge O'Brien, ruling that the evidence was sufficient for the jury to have convicted Riley of conspiracy to commit both burglary and theft, then sentenced Riley to 11½ to 23 months imprisonment under the sentencing guidelines for conspiracy to commit burglary rather than under those applicable to the offense of conspiracy to commit theft, stating that he believed that it was appropriate to conclude that Riley entered into a conspiracy to commit burglary, as well as theft. (We review this determination below.) Consequently, Judge O'Brien graded the conspiracy offense as a felony of the first degree and implemented the sentencing guidelines appropriate for burglary, a felony of the first degree. (*Id.* at 18.) This timely appeal followed.

¶ 9 Appellant presents the following questions, which we have renumbered, for our consideration:

I. Was the evidence sufficient to establish guilt beyond a reasonable doubt that Mr. Riley entered into a conspiracy and committed the overt act alleged?

II. Was the verdict against the weight of the evidence when that evidence was so unreliable and contradictory any verdict based thereon is pure conjecture and so contrary to the evidence as to shock one's sense of justice when the verdict was based on testimony lacking in credibility and inconsistent statements of the Commonwealth's witnesses?

III. Did the court improperly find, as a matter of fact, that the jury convicted Mr. Riley of conspiracy to commit burglary, rather than the crime of conspiracy to commit theft?

(Brief for Appellant, at 5.)

¶ 10 For purposes of our analysis, we first shall address the question of whether the evidence presented to the jury was sufficient to support its determination that Appellant entered into a conspiracy and committed the alleged overt acts. When reviewing a claim that the evidence was insufficient to sustain an appellant's conviction,

> an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins,* 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Moreover, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown,* 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted). Furthermore, "[t]his standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988).

¶ 11 The conspiracy count of the information, Count 3, charged Riley with conspiracy and alleged overt acts, one related to burglary and one related to theft. It reads:

> The actor, with the intent of promoting or facilitating the crime(s) charged above [Count 1—Burglary and Count 2—Theft], conspired and agreed with Joanna Feicht, that they or one or more of them would engage in conduct constituting such crime or crimes, and in furtherance thereof did commit the overt act of entering a house without authorization and/or taking various items without authorization, in violation of Section 903(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S.A. § 903(a)(1).

(Information, 11/29/99, at 2.)

¶ 12 The Pennsylvania Crimes Code provides, in relevant part, that:

> (a) **Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
>
> \* \* \*
>
> (e) **Overt act.**—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuant of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903. As to burglary, the Code further provides:

(a) **Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

(b) **Defense.**—It is a defense to prosecution for burglary that the building or structure was abandoned.

(c) **Grading.**—

(1) Except as provided in paragraph (2), burglary is a felony of the first degree....

18 Pa.C.S.A. § 3502. And finally, as to theft by unlawful taking or disposition, the Code provides:

(a) **Movable property.**—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

(b) **Immovable property.**—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

18 Pa.C.S.A. § 3921.

■ ¶ 13 Riley contends that the evidence presented by the Commonwealth at trial was insufficient to support his conviction of conspiracy to commit burglary or theft. He argues that because no witness for the Commonwealth corroborated the conversation alleged to have occurred between him and Feicht regarding his offer to "rob" Malone's residence, the evidence that such a conversation occurred was insufficient. (Appellant's Brief, at 18.) Furthermore, he argues that Feicht's testimony lacked credibility because she admitted that she ingested alcohol and heroin on the date in question, thereby clouding her memory and perception of the events. (*Id.* at 19.) Finally, he asserts that the evidence against him is based purely on "assumption and surmise" and that there was no direct evidence demonstrating his guilt. (*Id.* at 20.)

¶ 14 Our review of the record before us leads us to conclude that ample evidence was presented at trial on which the jury could have based a conviction of conspiracy to commit burglary or theft. Feicht testified extensively about her relationship with Riley and their conversation in her apartment on July 19, 1999. (N.T. Trial, 11/29/00, at 27–28.) She described in great detail her anger at Malone and reasons for wanting to retaliate against him. (*Id.* at 29.) She further described to Riley where Malone lived and gave him directions, as well as information about where Malone kept his garage door opener in his car. (*Id.* at 31.) She recalled that Riley told her to keep Malone occupied for a couple of hours and that Riley would call her when "it was done." (*Id.* at 32.) Feicht admitted that she had been drinking and using heroin on that day, but recalled many specific details of her arrangement with Riley. (*Id.* at 33.) She further testified that at approximately 8:00 p.m. she received a telephone call from Riley advising her that "[t]he garage door opener is back in the car and everything is cool." (*Id.*)

¶ 15 Feicht further described that after she received the telephone call from Riley, she was anxious to get to Malone's house "because I just—by then it seeped in what exactly I did and what I started." (*Id.* at 44.) When she and Malone arrived at the house later that night, it was obvious that there had been a burglary and many of Malone's things were strewn around the house. (*Id.* at 45–46.) Shortly thereafter, Malone called the police to report the break-in. (*Id.* at 48.) Feicht further testi-

fied that she eventually felt the need to confess and gave the police a statement about her knowledge of the incident on August 7, 1999. (*Id.* at 50, 87–90.)

¶ 16 On cross-examination, although defense counsel highlighted some inconsistencies in Feicht's testimony, as well as a plea agreement she had entered with the Commonwealth in order to testify against Riley (*id.* at 81), Feicht's testimony regarding the plan that Riley would burglarize Malone's residence remained essentially consistent. (*Id.* at 82–91.)

¶ 17 Several other witnesses, including Malone and Ross Township Detective Joseph Ley and Lieutenant Gary Waters, presented testimony that was not inconsistent with that offered by Feicht. Nevertheless, Riley contends that the testimony presented by the Commonwealth was inadequate to support the jury's determination that Riley was guilty of criminal conspiracy. We disagree.

■ ¶ 18 The evidence presented, if believed by the jury, clearly satisfied the elements of conspiracy to commit burglary or theft as set forth above. We consistently have held that the Commonwealth may sustain its burden of proving each element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa.Super.2000) (citations omitted). Furthermore, we have stated that:

> [t]he facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the [jury] unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.' "

*Commonwealth v. Seibert*, 424 Pa.Super. 242, 246, 622 A.2d 361, 363 (1993) (citations

omitted). Accordingly, we find that the evidence presented was sufficient to support Riley's conspiracy conviction.

■ ¶ 19 Next, Riley contends that the jury's verdict was against the weight of the evidence in that the evidence on which it was based was unreliable and contradictory. When reviewing a challenge to the weight of the evidence, the verdict may be reversed only if it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Simmons*, 541 Pa. 211, 229, 662 A.2d 621, 630 (1995). The basis for Riley's claim is that "the testimony of Mr. Malone and Ms. Feicht is so unreliable and contradictory that it led to a verdict based on pure conjecture ...." (Appellant's Brief, at 22.) In *Commonwealth v. Aguado*, 760 A.2d 1181 (Pa.Super.2000)(*en banc*), this Court reaffirmed the standard by which an appellate court is to review a challenge to the weight of the evidence:

> The decision to grant a new trial based on a challenge to the weight of the evidence rests within the discretion of the trial court. *Commonwealth v. Brown*, 538 Pa. 410, 436, 648 A.2d 1177, 1189 (1994). "Appellate review, therefore, is a review of the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Id.* "Whereas a trial court's decision to grant or deny a new trial is aided by an on-the-scene evaluation of the evidence, an appellate court's review rests solely upon a cold record." *Id.* at 436, 648 A.2d at 1190.
>
> Because of this disparity in vantage points, an appellate court may not merely substitute its opinion concerning the weight of the evidence for that of the trial court. Instead, the appellate court must assess whether the trial court has palpably abused its discretion. In making this assessment, we must examine the entire record to ascertain whether

the trial judge's reasons and factual basis can be supported. *Id.* "[When] the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion." *Id.* at 436–37, 648 A.2d at 1190.

*Id.* at 1184.

■ ¶ 20 The trial court evaluated the record and found that the evidence presented supported the jury's verdict. (Trial Court Opinion, 12/21/01, at 4.) We agree. The testimony of Feicht, while admittedly inconsistent in certain details, was corroborated by that of the police and the victim. The jury was free to believe all, part or none of the evidence and made a credibility determination in favor of Feicht and the Commonwealth despite vigorous and extensive cross-examination and lengthy closing arguments by defense counsel in which she challenged the witnesses' veracity by pointing out inconsistencies in their testimony. Judge O'Brien then carefully instructed the jury regarding credibility determinations and evaluating witnesses' testimony. (N.T. Trial, 12/1/00, at 239–243.) Therefore, because the evidence adequately supports the trial court's determination, we discern no abuse of discretion by the trial court in concluding that the verdict was not against the weight of the evidence.

¶ 21 Finally, we consider Riley's contention that the trial court erred when it construed the jury's general conspiracy verdict as a verdict of conspiracy to commit burglary, a first-degree felony, rather than conspiracy to commit theft, a third-degree felony, and sentenced Riley accordingly. He argues that the criminal information filed in the case was vague, and that it was impossible to tell from the verdict which crime the jury found encompassed the conspiracy. As a result, he asserts that the conspiracy verdict should be set aside, or, alternatively, that he should be resentenced under the lesser offense of conspiracy to commit theft.

■ ¶ 22 We initially note that we find no basis on which to set aside the conspiracy verdict, as we find that the record fully supports his conviction, at the least, for conspiracy to commit theft. To the degree that Riley argues that, because the jury found him not guilty of the underlying offenses of either burglary or theft, but still found him guilty of conspiracy, the verdict was erroneously inconsistent, we note that jury verdicts need not be consistent. *Commonwealth v. Miller*, 441 Pa.Super. 320, 326, 657 A.2d 946, 948 (1995) (as long as there is sufficient evidence, inconsistent verdicts will stand). Moreover, as conspiracy requires proof only of an agreement and an overt act in furtherance of the conspiracy, a defendant may be found guilty of conspiracy without being convicted of the underlying offense. *See* 18 Pa.C.S.A. § 903. However, we agree with Riley's contention that grading his conspiracy conviction as the more serious offense of conspiracy to commit burglary was erroneous.

■ ¶ 23 In sentencing Riley for conspiracy to commit burglary, rather than conspiracy to commit theft, Judge O'Brien correctly noted that, pursuant to 18 Pa. C.S.A. § 905(a),[4] the offense of criminal conspiracy in any one particular incident is the same grade offense as the most serious offense which is the object of the conspiracy. Concluding that the "jury clearly found the defendant guilty of conspiracy to

---

4. 18 Pa.C.S.A. § 905(a), Grading of criminal attempt, solicitation and conspiracy, provides:

(a) **Grading.**—Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.

commit burglary and theft" (Trial Court Opinion, 12/21/01, at 3), Judge O'Brien sentenced Riley for conspiracy to commit burglary, the more serious offense. While we agree with this overall logic, we cannot agree with the premise: that the jury clearly found the defendant guilty of both crimes.[5]

¶ 24 The conspiracy count of the information, which we have quoted above, appears to encompass both underlying crimes as objects of the conspiracy. Judge O'Brien's instructions to the jury accordingly permitted the jury to find Riley guilty of conspiracy, as a general matter, if they determined that he committed the crime of burglary "and/or" theft. His instructions on conspiracy were as follows:

> The criminal information, also called an indictment, alleges that the Defendant conspired with Joanne Feicht. The criminal information alleges that the crime of burglary and/or theft were the objects of the conspiracy. The information alleges that the following actions were the overt acts: Entering Mr. Malone's house and stealing the items.
>
> In order to find the Defendant guilty of conspiracy, you must be satisfied that the following three elements have all been proven beyond a reasonable doubt.
>
> First, that the defendant agreed with Ms. Feicht that one or both of them would engage in conduct which constitutes the crime of burglary **and/or** theft.
>
> Second, that the Defendant and Ms. Feicht intended to promote or facilitate the committing of the object crimes. In other words, they shared the intention

to bring about the crimes or to make it easier to commit them.

> And third, that the Defendant or Ms. Feicht did the acts that are alleged to have been overt acts and did them in furtherance of the conspiracy.
>
> As a general rule, if conspirators have agreed to commit a crime and after that one of the conspirators does any act to carry out or advance their agreement, then he has done an overt act in furtherance of the conspiracy.
>
> The information alleges that the Defendant conspired with Ms. Feicht to commit two crimes, and two overt acts were done. So as far as numbers are concerned, the minimum requirements for a conspiracy are an agreement between two people to commit one crime, and one overt act committed by one of them.
>
> Thus, you may find the Defendant guilty if you are satisfied that he conspired with at least one alleged co-conspirator **to commit at least one alleged object crime,** and that he or that person **did at least one alleged overt act** in furtherance of the conspiracy. You must agree on the same person, the same object crime, and the same overt act.

(N.T. Trial, 12/1/00, at 235–237 (emphasis added).)

¶ 25 However, while the jury may have found Riley guilty of conspiracy to commit burglary or theft, the verdict slip did not provide for a specific finding. Rather, the jury generally found Riley "Guilty" of "Criminal Conspiracy".[6] As

---

**5.** As the Commonwealth itself concedes (Brief for Commonwealth, at 13–14), the two cases cited by the trial court to support its conclusion—*Commonwealth v. Major,* 377 Pa.Super.

282, 547 A.2d 370 (1988) and *Commonwealth v. Perkins,* 302 Pa.Super. 12, 448 A.2d 70 (1982)—do not address the precise situation presented herein.

**6.** The verdict read in full:

AND NOW, to-wit: December 1, 2000, we the Jurors Empanelled in

this Court has declared previously, it is impossible to draw specific conclusions from a general verdict: "When a general verdict is rendered, knowledge of the basis of the decision rests only with the jury itself. Therefore, it is impossible, not to mention improper, to draw specific conclusions from a general verdict." *Commonwealth v. Anderson*, 379 Pa.Super. 589, 592, 550 A.2d 807, 809 (1988); *see also Commonwealth v. Boyles*, 407 Pa.Super. 343, 349–50, 595 A.2d 1180, 1183–84 (1991). It is impossible to tell from the jury's general verdict which underlying crime the jury determined Riley conspired to commit and so we are compelled to conclude that the trial court had no basis for its finding that the jury found Riley guilty of the more serious offense of conspiracy to commit burglary. For the reasons that follow, we find the trial court was obligated to sentence Riley on the lesser conspiracy offense.

¶ 26 Although our research revealed no reported decisions from the appellate courts of this Commonwealth that are directly on point, the decision in *Commonwealth v. Crowther*, 14 Pa. D & C.4th 328 (Snyder Cty.1991), *aff'd* 430 Pa.Super. 644, 630 A.2d 460 (1993), is analogous. The information filed in that case charged the defendant with an ungraded felony, two ungraded misdemeanors (including drug possession), and conspiracy. *Id.* at 329, 332. After a jury trial before the Honorable Harold F. Woelfel, Jr., the defendant was found guilty of drug possession and conspiracy, but acquitted of the felony charge and the other misdemeanor charge.

*Id.* at 333–34. However, as in the instant case, the verdict form indicated only that the defendant was found guilty of criminal conspiracy and did not specify the underlying crime. *Id.* at 331. The defendant filed a motion for a molded verdict, asserting that the conspiracy verdict was unclear, and that, as a result, the conspiracy conviction should be graded as a misdemeanor. The Commonwealth responded that the crime underlying the conspiracy was the ungraded felony of possession with intent to deliver and that the defendant should be sentenced accordingly. *Id.* at 331.

¶ 27 Finding that it had erred in providing the jury with a general verdict slip, the court concluded that the only way to avoid prejudice to the defendant was to construe the verdict as a conspiracy to commit the least serious offense—drug possession— the only substantive offense of which the defendant was convicted. *Id.* at 333–34. Because the Commonwealth had not objected to the general verdict slip or asked for the clarification, the court reasoned:

> The Commonwealth can not now be heard to argue that the criminal conspiracy conviction must be graded for the most serious offense with which the defendant was charged, but of which she was acquitted, as opposed to the least serious offense, which she was convicted of. For those reasons the defendant's conviction of criminal conspiracy shall be graded at the same level as the offense of possession of drug paraphernalia, 35 P.S. § 780–113(a)(32) [a misdemeanor].

the above-entitled case, find the Defendant, James T. Riley,

| | |
|---|---|
| At Count 1—Burglary: | Not Guilty |
| At Count 2—Theft by Unlawful Taking: | Not Guilty |
| At Count 3—Criminal Conspiracy: | Guilty |

(Verdict, 12/1/00.)

*Id.* at 334.[7] This determination was affirmed by this Court in an unpublished memorandum decision. *Commonwealth v. Crowther,* 430 Pa.Super. 644, 630 A.2d 460 (1993). As in *Crowther,* we conclude that Riley must be given the benefit of the jury's ambiguous verdict. Indeed, the facts in the instant case, if anything, more strongly suggest that the ambiguity should be resolved in the defendant's favor, as here Riley was not convicted of any substantive offense.

¶ 28 We find further instruction in *Commonwealth v. Gunn,* 803 A.2d 751 (Pa.Super.2002), a recent case from this Court. In *Gunn,* appellant challenged the enhancement of his sentence under 42 Pa. C.S.A. § 9714, which requires an increased sentence where a defendant has been convicted previously of two crimes of violence, as defined in the statute. At issue was the Commonwealth's inclusion, in seeking enhancement, of appellant's prior guilty plea to conspiracy to commit aggravated assault—specifically, whether appellant had pled guilty to conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), which would trigger an enhanced sentence under 42 Pa.C.S.A. § 9714, or aggravated assault under 18 Pa.C.S.A. § 2702(a)(4), which would not. The sentencing court had concluded that the conspiracy count encompassed both underlying aggravated assault counts. We found this determination to be erroneous:

None of the exhibits offered by the Commonwealth refer to anything other than conspiracy, without delineating what the underlying crime was and it is impossible to tell from the information or the sentence imposed whether Appellant pled guilty to conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) or conspiracy to commit aggravated assault under 18 Pa.C.S.A. § 2702(a)(4).

*Id.* at 753. As there was no evidence in the record to indicate which aggravated assault count was encompassed by the conspiracy count to which appellant pled guilty, we concluded the Commonwealth had failed to prove a predicate offense justifying enhancement under 42 Pa.C.S.A. § 9714. *Id.* at 753. In the instant case, although a jury verdict rather than a guilty plea is at issue, there is likewise no evidence supporting the trial court's conclusion that the jury found Riley guilty of the more serious offense of conspiracy to commit burglary.

¶ 29 In accord with *Crowther* and *Gunn,* we hold that, in the absence of clear evidence of the jury's intent to the contrary, a general conspiracy verdict must be resolved in favor of the defendant, and may be construed only as a conviction of conspiracy to commit the least serious underlying offense for which the jury could properly have found the defendant to have conspired to commit.[8] Consequently,

A jury verdict on an indictment charging a conspiracy to violate 18 U.S.C. § 659 which did not include an allegation of value must be construed as a conviction of a misdemeanor, and the court can sentence defendant only in accord with that conviction. *Id.* at 23.

7. In reaching this conclusion, and not finding other cases on point, the court relied in part on a decision by the United States Court of Appeals for the Third Circuit in *United States v. Scanzello,* 832 F.2d 18 (3d Cir.1987). In that case, the defendant was convicted of conspiring to steal interstate shipments of goods. Against the arguments of the government, the court held that the defendant could not be sentenced for felony conspiracy because the information charging the defendant with conspiracy lacked an allegation of the goods value, a requirement for a felony conviction:

8. We are unpersuaded by the cases the Commonwealth relies upon to argue for a contrary conclusion. Specifically, we find *Commonwealth v. Gadson,* 234 Pa.Super. 648, 341 A.2d 189 (1975), which the Commonwealth

while the record here supports a verdict of conspiracy to commit burglary or theft, the jury's ambiguous verdict must be resolved in Riley's favor, and we must conclude that the trial court erred in sentencing Riley for the more serious offense of conspiracy to commit burglary, and should have sentenced him for conspiracy to commit theft by unlawful taking.

¶ 30 Accordingly, while we reject Riley's other contentions on appeal, we vacate his judgment of sentence and remand this matter for resentencing.

¶ 31 Conviction affirmed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

cites, to be distinguishable. There, the appellant was convicted at one count of the indictment of conspiracy to commit riot and disorderly conduct and sentenced to one to two years imprisonment under the more serious offense, conspiracy to commit riot, a felony of the third degree. *Id.* at 652–53, 341 A.2d at 192. On appeal, he argued that the sentence imposed was illegal on the conspiracy count because he was convicted of conspiracy to commit disorderly conduct, a misdemeanor of the third degree, and should therefore not have been sentenced to more than one year in prison. *Id.* While conceding that there was some "controversy" over the exact wording of the indictment, this Court found "that the appellant was indicted for conspiracy to commit riot as well as disorderly conduct", *id.* at 653, 341 A.2d at 192, and that he was found guilty of "conspiracy to commit riot and disorderly conduct," *id.* at 650, 341 A.2d at 191 (citation and footnote omitted). Thus, pursuant to 18 Pa.C.S.A. § 905, we found that the

trial court legally sentenced the appellant as conspiring to commit the more serious offense. *Id.* at 652–53, 341 A.2d at 192.

Nor do we find *Allen v. Board of Probation and Parole,* 130 Pa.Cmwlth. 111, 567 A.2d 345 (Pa.Cmwlth.1989), to be helpful. We first note that even if we found *Allen* to be persuasive, "[a]lthough we frequently turn to the wisdom of our colleagues on the Commonwealth Court for guidance, the decisions of that court are not binding on this Court." *Kraus v. Taylor,* 710 A.2d 1142, 1144 (Pa.Super.1998). More importantly, although in that case the court upheld the grading of the parole violator's prior conspiracy conviction as a felony rather than a misdemeanor despite a lack of specificity in the jury's verdict, the court relied upon unspecified "substantial evidence" indicating that the conviction was for felony conspiracy. *Allen,* 130 Pa.Cmwlth. at 114–15, 567 A.2d at 346–47. No such evidence exists in this case.