J-S70010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAFAYETTE MILLER, | |
| Appellant | No. 2272 EDA 2015 |

Appeal from the Judgment of Sentence of June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007177-2013

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:          **FILED NOVEMBER 03, 2016**

Appellant, Lafayette Miller, appeals from the judgment of sentence entered on June 15, 2015, as made final by the denial of his post-sentence motion on June 25, 2015.  We affirm.

The factual background and procedural history of this case are as follows.  On April 5, 2013, Appellant and Phonso Simmons robbed Simon Tan ("Tan") at gunpoint in the foyer of an apartment building owned by Tan.  On June 12, 2013, The Commonwealth charged Appellant via criminal information with robbery,[1] criminal conspiracy,[2] burglary,[3] possession of a

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 903.

[3] 18 Pa.C.S.A. § 3502(a)(1).

firearm by a prohibited person,[4] carrying a firearm without a license,[5] carrying a firearm on the streets of Philadelphia,[6] possessing an instrument of crime,[7] and aggravated assault.[8]

On March 10, 2015, a jury found Appellant guilty of conspiracy; however, the jury found Appellant not guilty of possessing an instrument of crime and aggravated assault. The remaining charges were *nolle prossed*.[9] On June 15, 2015, Appellant was sentenced to 8½ to 20 years' imprisonment. On June 23, 2015, Appellant filed a post-sentence motion. On June 25, 2015, the trial court denied the motion. This timely appeal followed.[10]

Appellant presents one issue for our review:

Did the trial court impose an illegal sentence by failing to interpret the vague [v]erdict [form] in Appellant's favor?

Appellant's Brief at 4.

---

[4] 18 Pa.C.S.A. § 6105(a)(1).

[5] 18 Pa.C.S.A. § 6106(a)(1).

[6] 18 Pa.C.S.A. § 6108.

[7] 18 Pa.C.S.A. § 907(a).

[8] 18 Pa.C.S.A. § 2702(a).

[9] The trial court declared a mistrial as to the robbery and burglary charges; however, the Commonwealth later *nolle prossed* those two charges.

[10] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

In his lone issue, Appellant argues that the trial court incorrectly graded his conspiracy conviction as a first-degree felony. He argues that the trial court should have graded his conspiracy conviction as a first-degree misdemeanor because the verdict form did not identify which offense Appellant conspired to commit. *Cf.* 18 Pa.C.S.A. § 905(a) ("[A]ttempt, solicitation[,] and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy."). Thus, according to Appellant, his conspiracy conviction must be graded the same as the lowest graded object offense, *i.e.*, a first-degree misdemeanor. The Commonwealth, on the other hand, argues that Appellant's claim does not relate to the legality of his sentence. Rather, the Commonwealth argues that Appellant's argument relates to the grading of his conviction. As Appellant's statement of questions involved only addresses the legality of his sentence, the Commonwealth argues that he waived his lone claim included in the argument section of his brief. *See* Pa.R.A.P. 2101, 2116(a). Moreover, the Commonwealth contends that even if Appellant preserved his claim, the trial court properly graded Appellant's conspiracy conviction as a first-degree felony.

We agree with Appellant that his claim implicates the legality of his sentence. The Commonwealth cites *Commonwealth v. Spruill*, 80 A.3d 453 (Pa. 2013), in support of its argument that Appellant's claim does not implicate the legality of his sentence. In *Spruill*, however, the defendant

was seeking an arrest of judgment. Thus, our Supreme Court determined that she challenged the underlying conviction, not the legality of her sentence. *See id.* at 462. In this case, Appellant concedes that he was lawfully convicted of conspiracy. He argues, however, that the conviction should not have been graded as a first-degree felony. As this Court recently stated, "the proper grading of an offense pertains to the legality of the sentence. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth. v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016) (citations omitted). Therefore, waiver is not appropriate under Rules 2101 and 2116 and we proceed to consider the merits of Appellant's argument.

Appellant argues that the jury's verdict was vague because the verdict form did not specify which offense he conspired to commit. Thus, according to Appellant, the jury could have found him guilty of conspiring to commit a first-degree misdemeanor offense. Our Supreme Court, however, has previously rejected a similar argument. In *Commonwealth v. Jacobs*, 39 A.3d 977 (Pa. 2012), the verdict form was similarly vague with respect to a conspiracy conviction. The defendant in *Jacobs* made the same argument that Appellant makes in this case, *i.e.*, that the vague jury verdict must be interpreted in the manner most favorable to the defendant. Our Supreme Court rejected this argument and held that a trial court may consider "the record, including the evidence, the [charging document], and the jury

instructions" when determining what crime a jury finds as the object of a conspiracy. *Id.* at 985.

In this case, the trial court correctly concluded that the jury found Appellant guilty of conspiring to commit robbery. Specifically, the criminal information in this case charged Appellant with conspiracy to commit robbery, trespass, and assault. *See* Criminal Information, 6/12/13, at 1-2. During trial, the Commonwealth pursued only the charge of conspiracy to commit robbery. This is evidenced by the assistant district attorney's closing argument. During argument the Commonwealth made clear that the aim of prosecution was to convict Appellant of conspiracy to commit robbery, not conspiracy to commit trespass or conspiracy to commit assault. *See* N.T., 3/9/15, at 47, 62. Most importantly, the jury instructions addressing conspiracy only discussed conspiracy to commit robbery. *See* N.T., 3/9/15, at 92 (Appellant "is charged with conspiracy to commit robbery."). There is no mention in the jury instructions of conspiracy to commit trespass or conspiracy to commit assault. Viewed in its entirety, the record indicates that the jury found Appellant guilty of conspiring to commit robbery.

Appellant relies upon this Court's decision in ***Commonwealth v. Riley***, 811 A.2d 610 (Pa. Super. 2002), in support of his argument that the trial court erred by grading his conspiracy conviction as a first-degree felony. ***Riley***, however, supports the trial court's determination. In ***Riley***, like in the case at bar, the defendant was charged with conspiring to commit

several offenses. Unlike in the case at bar, however, the trial court in **Riley** instructed the jury that it could find the defendant guilty of conspiring to commit **any** of the object offenses listed in the criminal information. **See id.** at 618 (citation omitted) ("Thus, you may find the [d]efendant guilty if you are satisfied that he conspired with at least one alleged co-conspirator to commit at least one alleged object crime[.]"). In view of these circumstances, this Court felt compelled to conclude that the trial court lacked a basis to hold that the jury found Riley guilty of the more serious offense of conspiracy to commit burglary because it was "impossible to tell from the jury's general verdict which underlying crime the jury determined Riley conspired to commit." **Id.** at 618-619. As noted above, the opposite occurred in the case *sub judice*. Here, the trial court specifically instructed the jury that it could find Appellant guilty of conspiracy only if it found that he conspired to commit robbery. **See** N.T., 3/9/15, at 92. Thus, following the same rationale that this Court applied in **Riley**, the trial court properly determined that the jury convicted Appellant of conspiracy to commit robbery.[11]

_____

[11] Advancing his claims, Appellant relies exclusively on the generality of the verdict form. Both **Jacobs** and **Riley**, however, permit the trial court to consider other material, including jury instructions, in ascertaining the object of a conspiracy. **See Jacobs**, 39 A.3d at 985 (trial court may consider, *inter alia*, jury instructions in determining object of conspiracy); **Riley**, 811 A.2d at 620 (general conspiracy verdict to be resolved in defendant's favor as a conspiracy to commit the least serious underlying offense only "in the absence of clear evidence of the jury's intent to the contrary"). Here, the
*(Footnote Continued Next Page)*

Appellant also argues that grading his conspiracy conviction as a first-degree felony leads to an inconsistent verdict because the jury did not reach a verdict on the robbery charge. This argument is without merit. "[U]nder longstanding federal and state law, [inconsistent verdicts] are allowed to stand so long as the evidence is sufficient to support the conviction." *Commonwealth v. Tucker*, 143 A.3d 955, 965 (Pa. Super. 2016) (citations omitted). Thus, we may not rely upon the jury's inability to reach a verdict on the robbery charge when determining whether it properly convicted Appellant of conspiracy to commit robbery. Therefore, the trial court properly graded the conspiracy charge the same as the object offense of robbery, a first-degree felony. Accordingly, Appellant's sentence is legal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/3/2016</u>

---

*(Footnote Continued)* ————————————

jury instructions supported the trial court's determination that the jury found that Appellant conspired to commit robbery.