J-S77010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT SCARLOTTA MEINZER | |
| Appellant | No. 267 MDA 2016 |

Appeal from the Judgment of Sentence December 23, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005514-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 09, 2016**

Appellant, Scott Scarlotta Meinzer, appeals from the judgment of sentence entered after a jury convicted him of conspiracy to commit burglary of an occupied residence. Meinzer contends that the sentence imposed by the trial court is illegal, as Meinzer believes that the trial court's conspiracy instruction was ambiguous. We conclude that the trial court's instruction, viewed in context, was not ambiguous. We therefore affirm.

Meinzer was charged with robbery, burglary, and conspiring with Joshua Hudelson based on allegations that the two broke into an apartment to steal a firearm, some marijuana, and cash. It is undisputed that, during its instructions regarding the conspiracy charge to the jury, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

did not task the jury with determining whether the apartment was occupied at the time of the crime. **See** N.T., Trial, 10/7/15, at 356. The jury found Meinzer not guilty of robbery or burglary, but convicted him of conspiracy to commit burglary.

At sentencing, Meinzer argued that the conspiracy conviction should be graded as a second-degree felony, based upon his belief that the jury instruction was ambiguous. The trial court announced that it did not believe that Meinzer's argument was correct, but agreed to impose sentence as if the conviction was for a second-degree felony. The court sentenced Meinzer to a term of imprisonment of nine to twenty-three months. The court subsequently denied Meinzer's post-sentence motion, and this timely appeal followed.

The trial court ordered Meinzer to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Meinzer's counsel filed a statement indicating an intent to file an **Anders**[1] brief in lieu of a concise statement. As a result, the trial court did not author an opinion on appeal.

However, rather than an **Anders** brief, Meinzer has now filed a merits brief raising a single issue. While Meinzer acknowledges that the term of imprisonment imposed is consistent with his belief that he was convicted of

_____

[1] **Anders v. California**, 386 U.S. 738 (1967). An **Anders** brief is filed when appointed counsel seeks permission to withdraw their appearance in a matter.

a second-degree felony, he argues that it is still illegally recorded as a first-degree felony, as the jury instructions were insufficient to render the jury's verdict unambiguous. This issue is a challenge to the legality of the sentence imposed. *See Jacobs*, 39 A.3d at 977, 982 (Pa. 2012). It therefore cannot be waived. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). Thus, Meinzer's failure to include this issue in his concise statement does not act as a waiver.

Turning to the merits of the argument, we note that we must construe an ambiguity in a conspiracy conviction in favor of the defendant. *See Commonwealth v. Riley*, 811 A.2d 610, 620 (Pa. Super. 2002). In *Riley*,

> [t]he conspiracy count of the information … appears to encompass both underlying crimes [burglary and theft] as objects of the conspiracy. [The trial court's] instructions to the jury accordingly permitted the jury to find Riley guilty of conspiracy, as a general matter, if they determined that he committed the crime of burglary 'and/or' theft.

*Id*., at 618. Thus, we concluded that it was unclear which crime the jury convicted Riley of conspiring to commit. *See id*., at 620.

Here, Meinzer's conviction for conspiracy to commit burglary is not ambiguous. The trial court instructed the jury that the alleged conspiracy involved burglary. *See* N.T., Trial, 10/7/15, at 357. The only burglary at issue was the burglary of an occupied residence. Meinzer's defense at trial was not that he burgled an unoccupied residence; rather, he argued that he was not involved in this burglary. *See* N.T., Trial, 10/6/15, at 315-316. Furthermore, the verdict sheet includes only a single count of burglary,

labeled "Burglary – Person Present." Exhibit to Defense Objections to Sentencing Guidelines Computation. There is no indication that Meinzer objected to the verdict sheet when it was submitted to the jury. *See* N.T., Trial, 10/7/15, at 360-363.

There is simply no ambiguity in the jury's verdict. The verdicts may arguably have been inconsistent, but that is permissible under Pennsylvania law. *See Riley*, 811 A.2d at 617. It is clear that the jury found Meinzer guilty of conspiring to commit the only burglary that was before the jury. We would be forced to imagine an alternate burglary, for which no evidence was presented at trial, in order to accept Meinzer's argument. As a result, Meinzer is due no relief on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016