J-A25024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CASEY LAMONTAE JACKSON | : | |
| | : | |
| Appellant | : | No. 492 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 27, 2021
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000560-2020

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: MARCH 16, 2022**

Appellant, Casey Lamontae Jackson, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas, following his jury trial conviction for aggravated assault.[1] We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> On April 14, 2020, Hermitage Police filed a criminal complaint, which alleged that Appellant had struck the victim with a vehicle. By Information, on June 19, 2020, Appellant was charged with one count of aggravated assault, a felony of the first degree, in violation of 18 Pa.C.S.A. § 2702(a)(1) and one count of aggravated assault, a felony of the second degree, in violation of 18 Pa.C.S.A. § 2702(a)(4).

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

On September 14, 2020, at the pretrial conference, Appellant rejected a plea offer to a reduced offense, expressed his desire to proceed to trial, and waived his right to counsel because he wanted to proceed *pro se*. Standby counsel was appointed, in an abundance of caution, and trial was scheduled.

The trial commenced on September 21, 2020 and ended the following day with the jury's verdict of guilty of aggravated assault in violation of 18 Pa.C.S.A. § 2702(a)(1) and not guilty of aggravated assault in violation of 18 Pa.C.S.A. § 2702(a)(4). The verdict slip did not specify whether the aggravated assault in violation of § 2702(a)(1) was aggravated assault—attempt to cause serious bodily injury [("SBI")] or aggravated assault—causing [SBI[2]]. On January 26, 2021, the [trial court] sentenced Appellant on aggravated assault—attempt to cause [SBI], which carried the lower offense gravity score. Appellant was sentenced to 22 to 44 months' imprisonment.

On February 3, 2021, Appellant requested an extension of time to file a post sentence motion, and the [trial court expressly] granted his request [on February 5, 2021]. On March 4, 2021, Appellant filed a post-sentence motion for a new trial. On April 14, 2021, the court held a hearing on Appellant's post-sentence motion, and after considering arguments the court denied the motion. On April 15, 2021, Appellant timely filed a Notice of Appeal and a Statement of Errors Complained of on Appeal.

(Trial Court Opinion, filed 6/14/21, at 1-3).

Appellant raises the following issue for our review:

Did the trial court err holding that it was the jury's clear intent to find Appellant guilty of aggravated assault, attempting to cause serious bodily injury under 18 Pa.C.S.A. [Section] 2702(a)(1)?

---

[2] The statute provides, "[a] person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1).

(Appellant's Brief at 7).

Appellant argues that it is unclear from the verdict sheet whether the jury found Appellant guilty of aggravated assault—attempt to cause SBI or aggravated assault—causing SBI. Appellant claims that after the verdict was recorded, the trial court improperly "molded the verdict to reflect the jury intended to convict [Appellant] of attempting to cause [SBI]." (**Id.** at 15). Appellant maintains that "it was inappropriate for the [trial] court to infer the intent of the jury where the only evidence to support this inference or conclusion is a finding that sufficient evidence existed to support the charge of attempting to cause [SBI]." (**Id.** at 13). Specifically, Appellant submits that it is unclear whether the jury found that Appellant acted with the specific intent required for an attempt conviction. Appellant concludes that the court erred under these circumstances, and that this Court should award him a new trial. We disagree.

As a preliminary matter, we recognize generally that the "failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." **Commonwealth v. Houck**, 102 A.3d 443, 451 (Pa.Super. 2014). Specifically, failure to object to language on the verdict sheet results in waiver of any challenge to the verdict sheet on appeal. **Commonwealth v. duPont**, 730 A.2d 970, 984-85 (Pa.Super. 1999), *cert. denied*, 530 U.S. 1231, 120 S.Ct. 2663, 147 L.Ed.2d 276 (2000) (holding appellant waived challenge to allegedly "misleading" verdict sheet" where he did not object to verdict sheet prior to jury

deliberations).

Instantly, prior to the jury's deliberations, the trial court showed Appellant and the Commonwealth the verdict sheet it intended to give to the jury. (*See* N.T. Trial, 9/22/20, at 72-73). The trial court took care to explain the contents of the verdict sheet to Appellant and asked if he had any objections to its form. *Id.* Appellant indicated that he did not. *Id.* Based on Appellant's acquiescence, the trial court utilized the proffered general verdict sheet, which did not specify whether the jury convicted Appellant of aggravated assault—attempt to cause SBI, or aggravated assault—causing SBI. Appellant's failure to object to the verdict sheet at the time of trial constitutes waiver of his issue on appeal.[3] *See duPont, supra*.

Further, the trial court ensured that Appellant was not prejudiced at sentencing based on the lack of specificity in the verdict sheet. Recognizing that it provided the jury with a general verdict sheet, the trial court sentenced Appellant in accordance with the guidelines for aggravated assault—attempt to cause SBI, which carried a lower offense gravity score than the offense of aggravated assault—causing SBI. *See Commonwealth v. Riley*, 811 A.2d 610 (Pa.Super. 2002) (affirming defendant's conviction for conspiracy but remanding for resentencing where verdict sheet did not delineate whether jury convicted defendant of conspiracy to commit burglary or conspiracy to commit

---

[3] Moreover, notwithstanding Appellant's complaint on appeal, he appears to concede in his brief that the Commonwealth presented sufficient evidence to sustain his conviction for aggravated assault—attempt to cause SBI. (*See* Appellant's Brief at 13, 18).

theft; in light of general verdict slip, trial court was obligated to sentence defendant for lesser underlying offense). Accordingly, Appellant's issue is waived, and he is not entitled to relief.[4]

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/16/2022

---

[4] Appellant's reliance on **Commonwealth v. Dzvonick**, 450 Pa. 98, 297 A.2d 912 (1972) is misplaced. There, the jury specifically convicted the defendant of assault with intent to maim but all parties conceded that there was insufficient evidence to sustain the conviction. Our Supreme Court held there was insufficient evidence to sustain the "assault" verdict, and that to the extent the trial court "molded the verdict" to reflect defendant's guilt of **attempted** assault with intent to maim, such action was impermissible because it would "be a substitution of an entirely new verdict never found by the jury for the verdict it did in fact return." **Id.** at 103 n.5, 297 A.2d at 915 n.5. Here, the jury clearly found Appellant guilty of aggravated assault generally under Section 2702(a)(1) (without specifying attempt to cause SBI or causing SBI), and the trial court did not alter or substitute the verdict returned by the jury.