J-S32017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYWAN ADAMS, | |
| Appellant | No. 1617 WDA 2014 |

Appeal from the Judgment of Sentence of August 6, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000350-2014

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                        **FILED JUNE 29, 2015**

Appellant, Tywan Adams, appeals from the judgment of sentence entered on August 6, 2014, as made final by the denial of his post-sentence motion on September 2, 2014.  We affirm.[1]

On October 11, 2013, Patrol Officer Ira Bush of the City of Erie Bureau of Police was dispatched to 142 East 31st Street in Erie, Pennsylvania to investigate a domestic disturbance involving a man with a gun.  While *en* route to the incident, Patrol Officer Bush received instructions from other

_____

[1] On May 13, 2015, Appellant petitioned this Court to stay these proceedings on grounds that direct appeal counsel refused to include a claim alleging prosecutorial misconduct arising from the Commonwealth's presentation of alleged hearsay evidence during the testimony of Patrol Officer Bush.  As our discussion of the issues will reveal, counsel included the substance of Appellant's prosecutorial misconduct claim in the arguments raised on appeal.  Hence, we shall deny Appellant's petition with prejudice.

officers to stop a sports utility vehicle that was departing from the scene. Patrol Officer Bush performed the stop and encountered three vehicle occupants. Selena Clark was the driver, Simon Odom was the front seat passenger, and Appellant was the only passenger in the back seat.

All three individuals exited the vehicle and Clark, the owner, gave Patrol Officer Bush her consent to conduct a search. In a rear compartment of the vehicle, directly behind the location where Appellant had been seated, Patrol Officer Bush recovered a mesh lawn chair bag that contained a Hi-Point, model 995, 9 mm semi-automatic rifle. Appellant, who was handcuffed by this point, attempted to jump over a fence when he observed Patrol Officer Bush recover the mesh bag.

On March 27, 2014, the Commonwealth filed an information charging Appellant with persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1), and carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1). Appellant proceeded to a non-jury trial on June 25, 2014. At the conclusion of trial, the court found Appellant guilty of all charges. Thereafter, on August 6, 2014, the trial court sentenced Appellant to serve 60 to 120 months in prison for his persons not to possess firearms conviction. In addition, Appellant was ordered to serve 42 to 84 months' incarceration for carrying a firearm without a license. The trial court ordered Appellant's sentences to run consecutive to each other and consecutive to a sentence imposed at a separate docket. Appellant moved to reconsider his sentences

on August 18, 2014 and the court denied that motion on September 2, 2014.

Appellant filed a timely notice of appeal on October 2, 2014. Pursuant to Pa.R.A.P. 1925(b), Appellant filed a court-ordered concise statement of errors complained of on appeal on October 24, 2014. The trial court issued its Rule 1925(a) opinion on November 6, 2014.

Appellant's brief raises the following issues for our consideration:

Whether the trial court's finding of guilt subsequent to a [t]rial [w]ithout [a] [j]ury was not supported by sufficient evidence, specifically whether the trial court erred when it found the Commonwealth's primary witness, Selena Clark, credible[?]

Whether [Appellant] was denied his Constitutional right to confront his accuser present at the time of the alleged offense, but who failed to appear for trial[?]

Whether the trial court erred when [it] failed to sufficiently take into account [] mitigating factors pertaining to Appellant at the time of sentencing, resulting in a sentence that was excessive and unreasonable[?]

Appellant's Brief at 4.

Appellant's first claim challenges the sufficiency of the evidence introduced by the Commonwealth to support his firearms convictions. Specifically, Appellant attacks the testimony of the two witnesses the Commonwealth produced at trial. Appellant argues that Clark's testimony at trial differed from her statements to officers on the night of the incident. Appellant points out that, on the night Patrol Officer Bush stopped her vehicle, Clark denied that the firearm was hers but never indicated that

Appellant brought it into her car. At trial, however, Clark testified that she observed Appellant enter her vehicle with the mesh bag from which Patrol Officer Bush recovered the firearm. Appellant also makes a passing argument that Clark may have harbored a bias against Appellant. With respect to Patrol Officer Bush, Appellant states that the officer never observed Appellant in possession of a firearm. Appellant concludes that he is entitled to relief because Patrol Officer Bush's testimony was insufficient to establish possession of a firearm and because Clark's testimony lacked credibility. We disagree.

We apply the following standard of review to Appellant's sufficiency challenge.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the [factfinder] to find every element of a crime beyond a reasonable doubt.
>
> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa. Super. 2015).

To obtain a conviction for persons not to possess a firearm, the Commonwealth needed to prove beyond a reasonable doubt that Appellant had been convicted of an enumerated offense identified at 18 Pa.C.S.A. § 6105 (b) and that Appellant possessed a firearm in Pennsylvania. *See* 18 Pa.C.S.A. § 6105(a)(1). To convict Appellant of possessing a firearm without a license, the Commonwealth needed to demonstrate beyond a reasonable doubt that Appellant carried a firearm in a vehicle or concealed a firearm on or about his person and that he did so without a license. *See* 18 Pa.C.S.A. § 6106(a)(1). Appellant stipulated that he had a prior disqualifying conviction for purposes of § 6105 and he does not challenge the Commonwealth's proof that he did not possess a license to carry a firearm. Thus, our focus in this case is whether the Commonwealth came forward with sufficient evidence that Appellant possessed a firearm.

Our review of the certified record confirms that the Commonwealth adduced sufficient evidence to prove beyond a reasonable doubt that Appellant possessed a firearm. Clark testified at trial that Appellant entered her vehicle with the mesh bag from which the firearm was later recovered. N.T., 6/25/14, at 10-11. Appellant claims that this testimony is unworthy of belief since she never stated on the night in question that Appellant brought the mesh bag into her vehicle. The record, however, reveals that the officers never asked Clark whether she saw Appellant enter her car with the

- 5 -

bag. *Id.* at 16. Based upon this testimony, there is no factual support for the alleged inconsistency Appellant raises on appeal. Moreover, Appellant's attack on Clark's testimony relates more to the weight, not the sufficiency, of the evidence since the trial court, serving as factfinder, was free to believe all, part, or none of the evidence in passing on Clark's credibility. As our standard of review requires that we view the evidence in the light most favorable to the Commonwealth, and forbids us from re-weighing the evidence accepted by the factfinder, we conclude that Appellant's first claim merits no relief.[2]

Appellant's next claim asserts that his right to confront adverse witnesses was violated when Patrol Officer Bush "testified" that Appellant's girlfriend said that she saw him with a gun. This claim immediately fails. Our review of the notes of testimony from Appellant's trial reveals no such testimony coming from Patrol Officer Bush. In addition, Appellant has not directed our attention to any part of the record in which such testimony appears. Since Patrol Officer Bush did not testify about an out-of-court statement uttered by Appellant's girlfriend, Appellant's right to confront adverse witnesses was not implicated in this case.

---

[2] Appellant's effort to flee the scene when Patrol Officer Bush discovered the firearm also supports the verdict since flight demonstrates consciousness of guilt. *See Commonwealth v. Tha*, 64 A.3d 704, 714 (Pa. Super. 2013) (defendant's departure from crime, despite request from police to stop, justified issuance of flight instruction which allowed jury to infer guilt from evasive conduct in connection with other proof).

Appellant's final claim asserts that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. *See Commonwealth v. Ali*, 2015 WL 926952, *21 n.4 (Pa. Super. Mar. 5, 2015). "[A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citation omitted).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.* As Appellant received a sentence within the guidelines, this Court may only overturn his punishment if this "case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (internal alteration and citation omitted). Appellant filed a timely notice of appeal and properly preserved his present claims for our review in his post-sentence motion. Appellant's brief also contains a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We now turn to whether the appeal presents a substantial question.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014) (citation omitted).

Appellant's Rule 2119(f) statement sets forth general principles of law pertaining to discretionary sentencing challenges but omits case-specific grounds for review in the present matter. In the argument summary that immediately follows the Rule 2119(f) statement, however, Appellant argues that his sentence is excessive since the trial court failed to consider mitigating factors, including Appellant's strong family support, the fact that this case involved constructive possession, the fact that the weapon was not

used, and the inclusion of a juvenile offense in the calculation of Appellant's prior record score. This Court recently held that an "excessive sentence claim in conjunction with an assertion that the court did not consider mitigating factors" raises a substantial question. *Commonwealth v. Gonzalez*, 2015 WL 252446, *15 (Pa. Super. Jan. 21, 2015) (internal alteration and citation omitted). Accordingly, Appellant has raised a substantial question and we proceed to consider the merits of his discretionary aspects claim.

When sentencing a defendant, the trial court is required to consider that

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

In this case, the trial court carefully examined all of the relevant sentencing factors. It stated on the record that it reviewed the pre-sentence investigation report, including the sentencing recommendation. N.T., 8/6/14, at 9-10. *See Commonwealth v. Raven*, 97 A.3d 1244, 1254 n.12 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citation omitted) ("when a sentencing court has the benefit of a pre-sentence report, we must presume that the sentencing judge was aware of, and duly considered, any character-related information contained therein"). The trial

court also considered the gravity of the offense, Appellant's age, his background, his character, and his rehabilitative needs.

The trial court focused on the need to protect the community. Specifically, the trial court noted that Appellant was on parole for an armed robbery when he committed the instant offenses. N.T., 8/6/14, at 10. The trial court also outlined Appellant's prior offense history, noting that Appellant's juvenile history was "rather significant" and that his adult history was "even worse." *Id.* In addition, the court noted Appellant's inability and/or unwillingness to conform his conduct to the law:

> It is obvious from [Appellant's] actions that even after serving a lengthy state sentence he went out and committed a serious crime within a city that has been wracked with gun violence, and it is obvious that even while under supervision the Commonwealth was unable to control [Appellant's] behavior.

*Id.* Accordingly, the trial court considered all of the section 9721(b) factors.

Appellant argues that the trial court failed to consider certain mitigating factors. Specifically, Appellant maintains that the trial court failed to consider Appellant's strong family support, the fact that this case involved constructive possession, the fact that the weapon was not used, and the inclusion of a juvenile offense in the calculation of Appellant's prior record score. The record rebuts Appellant's assertion. Trial counsel made these very same arguments on the record at Appellant's sentencing hearing but the trial court denied relief based upon the factors we have identified above. Appellant makes no claim that the trial court's determination was contrary to

the facts. Instead, Appellant's simply asks that we reassess the facts placed before the court at sentencing. Because the trial court is in a far better position to weigh the factors relevant to sentencing, our standard of review precludes this approach to appellate review of a trial court's discretionary sentencing rulings. Accordingly, since Appellant has failed to demonstrate that the trial court's application of the guidelines in this case was clearly unreasonable, his challenge to the discretionary aspects of his sentence is without merit.

Judgment of sentence affirmed. Petition for stay of proceedings and remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2015