J-S59013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN W. WESLEY, | |
| Appellant | No. 35 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 26, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-R-0000029-2014

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED NOVEMBER 17, 2017**

Appellant, Steven W. Wesley, appeals from the judgment of sentence of an aggregate term of 5 to 10 years' incarceration, imposed after a jury convicted him of rape and related offenses. After careful review, we affirm.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> [Appellant] was convicted on January 7, 2016[,] by the [j]ury of one (1) count (Count I) of Rape, 18 Pa.C.S.A. § 3121(a)(1); one (1) count (Count II) of Sexual Assault, 18 Pa.C.S.A. § 3124.1; [two (2)] count[s] (Count III [and Count VI]) of Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(a)(1), [and] (2); [two (2)] count[s] (Count IV [and VII]) of Indecent Assault, 18 Pa.C.S.A. § 3126(a)(1), [and] (2); and one (1) count (Count V) of False Imprisonment, 18 Pa.C.S.A. § 2903[,] stemming from his nonconsensual[,] forcible sexual attack upon a lesbian co-worker on December 12, 2013[,] while the two were

---

[*] Former Justice specially assigned to the Superior Court.

in the course of their duties as nighttime custodians at West Chester Area School District's Middle School in Chester County, Pennsylvania. On January 8, 2016[, Appellant] filed a Motion to Strike the Jury Verdict and Grant a Mistrial. We denied [Appellant's] Motion on February 1, 2016.

We deferred sentencing pending the completion of a Pre-Sentence Report and an evaluation by the Sexual Offenders Assessment Board. After receiving the Pre-Sentence Report and determining that [Appellant] did not meet the criteria for classification as a Sexually Violent Predator, we sentenced [Appellant] on July 26, 2016[,] to a term of five (5) to ten (10) years in a State Correctional Facility for his conviction on Count I, Rape…. … On Count V, False Imprisonment, … we sentenced [Appellant] to a concurrent two (2) year term of probation…. We determined that his remaining convictions merged with his conviction at Count I and[,] therefore[,] we did not sentence [Appellant] for his other offenses. … Thus, [Appellant's] aggregate term of imprisonment is five (5) to ten (10) years in a State Correctional Facility.

On August 3, 2016, [Appellant] filed a timely post-sentence Motion for a New Trial and Arrest of Judgment, which we denied by Order dated November 23, 2016. On December 21, 2016, [Appellant] filed a timely Notice of Appeal. On December 22, 2016[,] we directed [Appellant] to file within twenty-one (21) days a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1295(b). [Appellant] timely complied on January 11, 2017….

Trial Court Opinion (TCO), 3/3/17, at 1-3.

On appeal, Appellant presents two questions for our review:

I.   Whether the trial court erred by allowing, over objection, the testimony of David Cruz-Quinones, a witness for the Commonwealth [who] testified about [] Appellant['s] making a remark in the hallway prior to trial that "…he [Appellant] had a hit out for somebody that worked at Henderson High School?"

II.  Whether the trial court erred by not granting appropriate relief when the jury, during its deliberations, wrote a question expressing fear of [] Appellant?

Appellant's Brief at 3.

Appellant first contends that the trial court erred by permitting certain testimony by a Commonwealth witness, David Cruz-Quinones. The trial court summarizes the facts surrounding the admission of the at-issue testimony, as follows:

Following jury selection and immediately prior to trial, the Commonwealth, in the presence of defense counsel in Chambers, advised the [c]ourt of the following:

[THE PROSECUTOR]: There was yesterday a report made that the defendant, while sitting outside yesterday morning in the hallway, encountered another defendant on your list who is a friend of his, a gentleman by the name of David Cruz-Quinones, [who is] scheduled to go on ARD before your Honor on Thursday.

[Appellant] told Mr. Cruz[-Quinones]…, after some discussion about football and their respective cases, that he had a hit out on a guy from Henderson[.]

(Pre-Trial Chambers Transcript, 1/5/16, N.T. 4).

The significance of the statement that [Appellant] made to Mr. Cruz-Quinones, who also happens to be another custodian in the West Chester Area School District, is that the Commonwealth's prompt complaint witness, Mr. Charles Hammond, at the time of the assault against the victim, worked as a custodian at Henderson High School, which is also a part of the West Chester Area School District. (Trial Transcript, 1/5/16, N.T. 63, 176, 190). The victim testified at trial on direct examination that she first reported … the assault to Mr. Hammond, who was a friend of hers and who at the time, as we stated, worked at Henderson High School. ([*Id.* at] 63, 176). Mr. Hammond testified at trial in support of the victim's prompt complaint. ([*Id.* at] 171-75).

The Commonwealth sought to introduce the testimony of Mr. Cruz-Quinones as an admission of a party opponent/statement against interest to demonstrate [Appellant's] attempt to tamper with a witness so as to establish

- 3 -

his consciousness of guilt. (Pre-Trial Chambers Transcript, 1/5/16, N.T. 4-7). Defense … counsel objected that the testimony of Mr. Cruz-Quinones would be speculative, because [Appellant] did not provide the name of the person he allegedly placed the hit on, and unduly prejudicial. ([*Id.* at] 5-6; Trial Transcript, 1/5/16, N.T. 189-209). Defense counsel made a general motion for a mistrial. (Trial Transcript, 1/5/16, N.T. 205). We denied defense … counsel's motion for a mistrial and admitted the testimony of Mr. Cruz-Quinones over the objections of counsel. (Pre-Trial Chambers Transcript, 1/5/16, N.T. 7; Trial Transcript, 1/5/16, N.T. 189-209).

At trial, Mr. Cruz-Quinones testified, in pertinent part, as follows:

BY [THE PROSECUTOR]:

Q. When you had that conversation with [Appellant], did the talk ever turn to your respective cases?

A. From my situation?

Q. Yours or his.

A. Yes. It turned into his situation that is going on now.

Q. What did he say to you?

A. Basically, you know, we was [*sic*] talking and the conversation was fine. And then he was just saying that he had a hit out for somebody that worked over at Henderson High School. I was like what are you talking about? And he was just like, I'm not going to say no [*sic*] names, but I have a hit out for him.

…

Q. When you heard him say that, what did you do next?

A. Well, it made me upset when he made the comment.

Q. Why did it make you upset?

…

A. Because the man he was talking about was one of my really good friends.

...

- 4 -

Q. … What did you do after he said that?

A. That's when I made a phone call.

Q. To whom?

A. To Charles Hammond.

Q. Who is Charles Hammond.

A. He was the one that was working at Henderson.

Q. And Charles Hammond, is he someone you knew personally?

A. Yes.

Q. For how long have you known him?

A. Almost ten years now.

(Trial Transcript, 1/5/16, N.T. 197-208). During cross-examination of Mr. Hammond, who testified at trial immediately prior to Mr. Cruz-Quinones, Mr. Hammond confirmed that he did receive a call from Mr. Cruz-Quinones on the morning of January 4, 2016. ([*Id.* at] 183).

TCO at 3-6.

On appeal, Appellant contends that it was improper for the trial court to admit Mr. Cruz-Quinones's testimony "because it was speculative[,] as [] Appellant did not name the proposed target of any 'hit.'" Appellant's Brief at 7. He stresses that the only identifying detail about the target of the alleged 'hit' was that the person worked at Henderson High School, which was insufficient to demonstrate that "Appellant [was] making any actual threat to Charles Hammond." *Id.*

Appellant also argues that any probative value of this testimony was outweighed by the substantial prejudice he suffered from its admission. Appellant contends that "[t]he impact of this [testimony] was evident[,]

given the fact that the jury, during its deliberations, wrote a question to the [c]ourt which reflected the direct impact this evidence had on the case and on the jury." *Id.* at 7-8. Specifically, Appellant refers to the following note, drafted by the jury, which was given to the court along with the jury's written verdict sheet: "There was a concern about the ability of [Appellant] to obtain our personal information, given the allegations of placing a hit on a witness. We as a jury do not wish [Appellant] to have access to our personal information." N.T. Post-Sentence Motion Hearing, 1/22/16, at 6-7. According to Appellant, this note was proof that Mr. Cruz-Quinones's testimony "was prejudicial and impactful against [] Appellant." Appellant's Brief at 9.

Appellant's arguments do not demonstrate that the trial court abused its discretion in admitting Mr. Cruz-Quinones's testimony. *See Commonwealth v. Vandivner*, 962 A.2d 1170, 1179 (Pa. 2009) ("Questions regarding the admissibility of evidence rest within the trial judge's discretion, and an appellate court will reverse the judge's decision only for an abuse of discretion.") (citations omitted). First, the court provides, in its Rule 1925(a) opinion, a well-reasoned discussion of why it was not speculative to infer that Appellant's veiled threat was directed at Mr. Hammond:

> Mr. Cruz-Quinones testified that [Appellant] made the comment about the "hit" he placed on "somebody that worked over at Henderson High School" while the two were conversing about [Appellant's] pending rape trial that was to begin the next day. (Trial Transcript, 1/5/16, N.T. 197). The major players in

[Appellant's] rape trial, including the victim, [Appellant], Mr. Cruz-Quinones, and the Commonwealth's prompt complaint witness, Mr. Hammond, were all, either at the time of trial and/or the time of the offense, custodians in the West Chester Area School District. ([*Id.* at] 48, 63, 171, 190; Trial Transcript, 1/7/16, N.T. 518). At the time of the offense, Mr. Hammond worked at Henderson High School. (Trial Transcript, 1/5/16, N.T. 63, 171, 207). Although he worked at a different school at the time of trial, he was still an employee of the West Chester Area School District. ([*Id.* at] 171). Mr. Hammond was a friend of Mr. Cruz-Quinones. ([*Id.* at] 199, 200, 207-08). Mr. Cruz-Quinones was friendly with [Appellant]. ([*Id.* at] 195-96). Mr. Hammond was scheduled to testify on behalf of the Commonwealth, concerning the victim's prompt complaint, at [Appellant's] trial the following day. (Pre-Trial Chambers Transcript, 1/5/16, N.T. 5). Circumstantially, the evidence is more than sufficient to permit the reasonable inference that [Appellant], when communicating to Mr. Cruz-Quinones that he had placed a "hit" on "somebody that worked over at Henderson High School[,]" ([*Id.* at] 197), meant that he had placed a "hit" on Mr. Hammond. Further, [Appellant's] communication of this threat to Mr. Cruz-Quinones may be considered to have been a deliberate attempt to ensure the conveyance of the threat to Mr. Hammond, as Mr. Cruz-Quinones was a friend of Mr. Hammond's.

TCO at 12-13.

Based on the trial court's reasoning, we see no abuse of discretion in its conclusion that, given the circumstances surrounding Appellant's statement to Mr. Cruz-Quinones, it was reasonable to infer that his threat was directed at Mr. Hammond. Thus, Mr. Cruz-Quinones's testimony was relevant to demonstrating Appellant's consciousness of guilt. *See Commonwealth v. Rickabaugh*, 706 A.2d 826, 839 (Pa. Super. 1997) (concluding that evidence that the appellant threatened a Commonwealth witness was admissible as substantive evidence of the appellant's

consciousness of guilt) (citing **Commonwealth v. King**, 689 A.2d 918, 922 (Pa. Super. 1997) (same)).

Appellant next contends that the probative value of Mr. Cruz-Quinones's testimony was outweighed by its prejudicial impact. Appellant focuses his prejudice argument entirely on the note sent by the jury along with its verdict sheet, asking that their personal information not be provided to Appellant in light of the alleged "hit" he had placed on Mr. Hammond. Appellant claims that this statement from the jury "reflects that the jury was tainted during the deliberation process." Appellant's Brief at 9.

In rejecting this argument, the trial court reasoned:

> As we stated, the jury delivered its "concern" to the [c]ourt at the same time it delivered its written [v]erdict. Consequently, they had reached their [v]erdict prior to delivering their "concern" to the [c]ourt. Further, the "concern" was phrased as such, a "concern[,"] not a "fear[."] But most importantly, however, the jury reached a [v]erdict of [g]uilty as to [Appellant] on all charges. Had the jury been afraid of [Appellant,] and [had] that fear … permeated their decision-making, they likely would have issued a different [v]erdict, such as "[n]ot [g]uilty" on all charges, so as to avoid any ill feeling on the part of [Appellant] towards them. However, they found him [g]uilty. This is not a [v]erdict motivated by fear. It is a [v]erdict motivated by their sense of duty and justice. As such, it does not support [Appellant's] contention that the jury was unduly prejudiced against him by the admission of Mr. Cruz-Quinones's testimony.

TCO at 25-26.

We find the trial court's rationale to be sound. The jury's note to the court, which accompanied its written verdict, indicates that the jury convicted Appellant *in spite of* Mr. Cruz-Quinones's testimony, not *because*

- 8 -

of it. Accordingly, Appellant's prejudice argument is unconvincing, and we ascertain no abuse of discretion in the court's decision to admit Mr. Cruz-Quinones's testimony.

In Appellant's second issue, he contends that "[t]he trial court erred by not granting appropriate relief" when the jury submitted the above-discussed note to the court. Notably, Appellant concedes that his "[t]rial counsel failed to properly make a timely motion for a mistrial[,]" instead making that motion "the day after the note was received, and not at the time of the prejudicial event…." Appellant's Brief at 9. The Commonwealth argues, and we agree, that Appellant's failure to make a timely motion for a mistrial waived this issue for our review. **See** Commonwealth's Brief at 13-14; **see also Commonwealth v. Thoeun Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) (finding argument for a mistrial was waived where the defendant did not move for a mistrial until the day after the alleged error occurred) (citing **Commonwealth v. Pearson**, 685 A.2d 551, 555 (Pa. Super. 1996) (declaring that the "[f]ailure to make a contemporaneous objection to the evidence at trial waves that claim on appeal") (citations omitted)).

Moreover, we also agree with the Commonwealth that Appellant has waived his second issue based on defects in his appellate brief. **See** Commonwealth's Brief at 15-16. Namely, Appellant's entire argument in support of this claim consists of seven sentences, and he cites no case law to buttress his assertion that the court failed to give him 'appropriate relief' in

light of the jury's note to the court. **See** Appellant's Brief at 9-10. Appellant does not even clarify what relief was warranted, let alone develop any meaningful argument that the court was compelled to grant it. Therefore, we conclude that Appellant's second issue is waived on this basis, as well. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017