J-S78037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS LYNN FISCHER, | : | |
| | : | |
| Appellant | : | |
| | : | No. 976 WDA 2017 |

Appeal from the Judgment of Sentence January 25, 2017
in the Court of Common Pleas of Elk County,
Criminal Division at No(s): CP-24-CR-0000219-2015

BEFORE:    OLSON, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 4, 2018**

Dennis Lynn Fischer (Appellant) appeals from his January 25, 2017 judgment of sentence of twenty to forty years of imprisonment entered after a jury found him guilty of, *inter alia*, five counts of involuntary deviate sexual intercourse (IDSI) with a child. After review, we affirm.

In September of 2014, Appellant was living with his wife (Wife), her two children, C.Y.G. and C.B.G., and his biological son by Wife, M.F. Between September 2014 and March 2015, Appellant forced C.Y.G. to perform oral sex on him, at least five times, promising her treats in return: chocolate milk, pop ice, or playtime on her tablet. C.Y.G. was seven-years-old at the time, and turned eight-years-old in March of 2015. At some point C.Y.G. told her brother, C.B.G., what was happening. In March of 2015,

_____

*Retired Senior Judge assigned to the Superior Court.

C.B.G. told his mother and his aunt what C.Y.G. had told him, and C.Y.G.'s aunt took C.Y.G. to the police station to file a report. Appellant was charged with five counts of IDSI with a child, two counts of sexual abuse of a child, five counts of corruption of minors, and five counts of indecent assault.

Appellant proceeded to a jury trial on June 14, 2016. At trial, the Commonwealth presented photographs which depicted C.Y.G. performing oral sex on a partially pictured male photographer. Wife identified the penis in the photographs as Appellant's. The jury found Appellant guilty as charged. A presentence investigation was completed, and on January 25, 2017, Appellant appeared for a sentencing hearing and was sentenced as indicated above.

Appellant filed a post-sentence motion on February 3, 2017, and a supplemental post-sentence motion on April 28, 2017. The trial court held a hearing on May 11, 2017, and denied Appellant's motion by memorandum opinion on May 30, 2017. Appellant timely filed a notice of appeal.[1]

Appellant presents the following questions for our consideration.

1. Did the [trial court] err when it engaged in a dialogue with the alleged minor victim witness following her testimony, in view of the jury, during the trial held on June 14, 201[6,] wherein Appellant was found guilty of crimes against the alleged minor victim witness?

---

[1] Appellant complied with Pa.R.A.P. 1925(b). The trial court did not provide an opinion pursuant to Pa.R.A.P. 1925(a), but instead relied upon its May 30, 2017 memorandum opinion, wherein the trial court addressed its reasons for denying Appellant's post-sentence motions.

2. Did the court err when it failed to ensure that all discussions with the Commonwealth and [c]ounsel for [] Appellant were kept and made part of the official record of the trial held on June 14, 201[6,] wherein Appellant was found guilty?

Appellant's Brief at 5 (suggested answers omitted).

We begin with Appellant's first issue.

In reviewing the remarks of a trial judge, we begin by noting that every unwise or irrelevant remark made in the course of a trial by a judge does not compel the granting of a new trial. However[,] a new trial is required when the judge's remark is prejudicial; that is when it is of such nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

*Commonwealth v. Rush*, 605 A.2d 792, 794 (Pa. 1992) (citations and quotation marks omitted).

At the time of trial, C.Y.G. was nine-years-old. Before the jury trial began, the Commonwealth petitioned the trial court to allow C.Y.G. to testify on the stand with the aid of a teddy bear. Appellant's counsel objected, and the trial court overruled Appellant's objection. N.T., 6/14/2016, at 3-5. Appellant does not challenge the allowance of the teddy bear. Rather, he alleges that the trial court erred when it conversed with C.Y.G. about the teddy bear, in view of the jury, and that the conversation "could be described as 'a judicial *imprimatur*' on [C.Y.G.'s] credibility.'" Appellant's Brief at 20.

At trial, following C.Y.G.'s testimony, the following exchange occurred.

THE COURT: Okay. We'll let you go now. All right? You can take your nice teddy bear. That's a nice one, isn't it? It's a big one. You like that. Huh?

([C.Y.G.] nods head affirmatively.)

THE COURT: Where'd you get that?

[C.Y.G.]: I forgot who the name was, but somebody gave it to me because she knew court was going on.

THE COURT: Okay. That was really nice of her. Okay. Well, we're going to let you go wherever they had you staying. You can go back. Who are you with?

[C.Y.G.]: My mom, [my aunt], my grandma, [C.B.G.]--

THE COURT: Okay. So you have some friends there and family. Right?

([C.Y.G.] nods head affirmatively.)

THE COURT: Okay. We'll let you go with them then.

N.T., 6/14/2016, at 90.

Appellant's counsel did not object to this dialogue at the time of trial. "We have long held that [f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal." *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (citations and quotation marks omitted). Because Appellant's counsel failed to object at trial, this claim is waived.

Appellant alleges in his second claim that the trial court erred in failing to ensure that all sidebar discussions were transcribed and made part of the official record. The record reveals that the first sidebar discussion was

transcribed, N.T., 6/14/2016, at 25-26, and all subsequent sidebar discussions were held off the record, ***id.*** at 34, 41, 69, 77, 97, 103, 117, 158, 183, 196.[2] Appellant's counsel did not raise an objection at trial to these discussions being held off the record, nor did counsel request that all sidebar discussions be transcribed.

Where "it is clear that counsel never objected at trial to any off-the-record conferences or side[]bar discussions[,]" an appellant's claim that the trial court erred in not ensuring that all sidebar discussions were transcribed "is waived." ***Commonwealth v. Sanchez***, 82 A.3d 943, 968 (Pa. 2013).[3] In light of our case law, as with Appellant's first claim, this issue is waived. ***See Thoeun Tha, supra.***

Judgment of sentence affirmed.

---

[2] Appellant cites only three instances of sidebar discussions being held off the record: N.T., 6/14/2016, at 69, 77, 97. Appellant's Brief at 13. However, the record indicates that there were additional sidebar discussions during Appellant's jury trial, and we have included those in our analysis. N.T., 6/14/2016, at 34, 41, 103, 117, 158, 183, and 196.

[3] Appellant's attempt to distinguish this holding from ***Sanchez*** is to no avail. Appellant's Brief at 22. As a capital defendant, Sanchez was afforded the relaxed waiver rule. ***Commonwealth v. Freeman***, 827 A.2d 385, 393 (Pa. 2003). Even with the relaxation of general waiver rules, the Supreme Court still found that Sanchez had waived his claim. ***Sanchez***, 82 A.3d at 968 (citing ***Freeman***, 827 A.2d at 402).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/4/2018</u>