J-S20027-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KARISSA ALEXANDRIA BURT :
:
Appellant : No. 1290 WDA 2018

Appeal from the Judgment of Sentence Entered May 2, 2018
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000293-2015

BEFORE:   GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED MAY 22, 2019

Karissa Alexandria Burt appeals from the judgment of sentence entered following her jury conviction for aggravated assault.[1] Burt challenges the sufficiency of the evidence. We affirm.

The Commonwealth presented the following evidence at trial. Kayla Baker, the victim, testified that she was invited to attend a party where her ex-boyfriend, David Wolfe, and his new girlfriend, Burt, would also be in attendance. N.T. Trial, 1/17/18, at 39-43. At the party, a fight began between Burt and the victim. Prior to this fight, the victim admitted to having three alcoholic beverages and also taking her prescription medication that included Adderall and Klonopin. Id. at 66.

_____

[1] 18 Pa.C.S.A. § 2702(a)(1). The trial court also found her guilty of the summary offenses of harassment, 18 Pa.C.S.A. § 2709(a)(1), and criminal mischief, 18 Pa.C.S.A. § 3304(a)(5).

The altercation started when Burt told the victim and her friend to stop leaning on her vehicle. Id. at 53-54. Although the victim complied, Burt head-butted the victim on the bridge of her nose causing her to fall on her back. Id. at 54. When the victim tried to get up, Burt came from behind and "puts her nails in my eyes and chomps down on my ear." Id. at 55. The victim described the pain from Burt biting her ear as "extreme pain." Id. at 56. She also testified, "I'll never forget the sound that it made when she crunched through little bones in my ear." Id. Despite attempts to get Burt off of her, Burt did not move. Eventually, the victim was able to get Burt off of her by "roll[ing] her over my shoulder." Id. At this point the victim was now on top of Burt. Id. at 58. Burt then bit the "crease" of the victim's left arm. Id. Afterwards, she proceeded to get on top of the victim and "starts swinging and trying to head-butt me from up above." Id. at 59. Eventually, the victim's friend was able to get Burt off of her but the victim remained on the ground in a fetal position because her head hurt "very bad." Id. at 60. Burt then began to kick the victim in the head, neck, and back with steel toed boots approximately ten times. Id. at 60, 85. This continued until another friend of the victim pulled Burt off of her.

Another friend of the victim drove her to the hospital where Dr. Nawaz Suddle assessed that the victim's "right earlobe was bitten off." Id. at 61, 93. She testified that "there was complete loss of tissue on part of the earlobe, right earlobe" and her left eye was swollen and bruised. Id. at 94. Additionally, she testified that the victim had swelling and bruising to her forehead, "she

had a bite mark on her left elbow area in the elbow crease," and her right hand was swollen and bruised. Id. Dr. Suddle cleaned her wounds and gave her pain medication because "she was in a lot of pain." Id. She also scheduled reconstructive surgery for the victim for the loss of her earlobe. Id. at 95. This surgery consisted of the surgeon taking "a skin graft from [her] right hip" to replace the skin for her ear. Id. at 86. The reconstructive surgeon testified that there was no way to make the victim's ear look like what it did before the injury. Id. at 121. The victim also testified that as a result of the fight, her hearing is muffled and she has ongoing pain in her right ear. Id. at 85.

Burt testified in her defense that the victim started the fight and that she was left with no other choice but to bite the victim because she was biting her shoulder. Id. at 222, 225.

The trial court sentenced Burt to 42 to 120 months' incarceration. Burt filed a post-sentence motion which the trial court denied. This timely appeal followed.

Burt raises one issue: "Whether there was sufficient evidence to sustain [Burt's] conviction and sentence for [a]ggravated [a]ssault- [c]ause [s]erious [b]odily [i]njury?" Burt's Br. at 7. Burt maintains that "[t]he testimony presented by the defense markedly rebuts that which was provided by the Commonwealth and, from which, the jury could not have possibly concluded that [Burt] acted with malice aforethought." Id. at 16.

Burt's argument is a challenge to the weight rather than the sufficiency of the evidence. See Commonwealth v. Gibbs, 981 A.2d 274, 281-82

(Pa.Super. 2009) ("An argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence"). However, she did not preserve a weight claim at the sentencing hearing, in her post-sentence motion, or in her Pa.R.A.P. 1925(b) statement. Therefore, any weight claim is waived. See Pa.R.A.P. 302(a). Further, because she failed to develop a true sufficiency claim, she has waived such a claim as well. Commonwealth v. Thoeun Tha, 64 A.3d 704, 713 (Pa.Super. 2013).

In any event, the evidence was sufficient. A claim challenging the sufficiency of the evidence requires that we view the facts in the light most favorable to the verdict winner, with all reasonable inferences in the Commonwealth's favor. Commonwealth v. Sweitzer, 177 A.3d 253, 257 (Pa.Super. 2017). Our standard of review is de novo and our scope of review is plenary. Commonwealth v. Edwards, 177 A.3d 963, 969 (Pa.Super. 2018).

The jury convicted Burt under the subsection of aggravated assault for serious bodily injury. The statute defines aggravated assault as follows: "[a] person is guilty of aggravated assault if he: attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent, disfigurement, or protracted loss or impairment of the function of

any bodily member or organ." 18 Pa.C.S.A. § 2301. "The intent to cause serious bodily injury . . . may be proven by direct or circumstantial evidence." Commonwealth v. Hall, 830 A.2d 537, 542 (Pa. 2003). This intent can also "be gleaned from the other circumstances surrounding the defendant's attack on the victim." Commonwealth v. Burton, 2 A.3d 598, 602 (Pa.Super. 2010) (en banc) (quoting Commonwealth v. Alexander, 383 A.2d 887, 889 (Pa. 1978)).

Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to sustain the aggravated assault conviction. First, the Commonwealth established serious bodily injury from the testimony of both the victim and Dr. Suddle that the victim's ear was bitten off causing disfigurement. The disfigurement was so detrimental that the victim had to have reconstructive surgery on her ear. Despite this surgery, the victim's ear will never look the same. Second, the Commonwealth established that Burt intentionally caused serious bodily injury. The evidence established that the "circumstances surrounding" Burt's assault of the victim, included that Burt initiated the fight and only stopped biting the victim's ear when the victim was able to "roll" her off of her. Nothing in the record supports Burt's contention that the evidence was insufficient. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2019