J-A08022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                                :
             v.                                   :
                                                :
                                                :
NAIM ERIC JENKINS                      :
                                                :
              Appellant                 :     No. 1708 EDA 2024

Appeal from the Judgment of Sentence Entered March 20, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005280-2022

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED JULY 16, 2025**

Naim Eric Jenkins appeals from the judgment of sentence entered following his convictions for conspiracy to commit possession with intent to deliver ("PWID"), fleeing, and possession of drug paraphernalia.[1] Jenkins challenges the sufficiency of the evidence. We affirm.

The trial court gave the following summary of the evidence presented at Jenkins' bench trial, when viewed in the light most favorable to the Commonwealth as verdict-winner:

> On May 26, 2020 [Jenkins] was arrested and charged with conspiracy to commit [PWID], aggravated assault, fleeing or attempting to elude police officer, and related charges following an incident in which he and his co-defendant were observed by police walking together from a residence in the area of the 1200 block of East 9th Street near Ashland Avenue, Chester, Delaware County,

---

[1] 18 Pa.C.S.A. § 903 (of 35 P.S. § 780-113(a)(30)), 75 Pa.C.S.A. § 3733(a), and 35 P.S. § 780-113(a)(32), respectively.

Pennsylvania toward a white Acura MDX. The police were looking for the co-defendant who had an active parole violation warrant. Police watched the pair as they entered the vehicle, and as the police approached the vehicle, they made verbal commands and hand gestures for the driver to stop. [Jenkins] failed to obey these lawful commands from the police officer, recklessly fled from the scene in the vehicle and committed numerous [V]ehicle [C]ode violations, and after hitting a fence, he and the co-defendant ran from the vehicle. During the police pursuit, [Jenkins] dropped a black satchel, and after it was retrieved, police found $12,000.00, a wallet with [Jenkins'] Pennsylvania driver's license and bank cards, and rubber bands commonly used as packaging material for controlled substances. When [Jenkins] was apprehended, police during the pat down search found in [Jenkins'] pockets an ammunition magazine containing 16 rounds, 3 cell phones, and $200.00. Police located on the floor of the front passenger seat of the vehicle a white plastic Target bag (carried by the co-defendant from the residence to the vehicle) containing in plain view seven clear plastic baggies containing cocaine. Behind the driver's seat police found a transparent gray plastic bag (carried by [Jenkins] from the residence to the vehicle) with nine clear baggies containing cocaine and $4,100.00. Next to the gray bag, police found a blue money bag containing additional baggies and a digital scale with cocaine residue. Two additional cell phones were located during the investigation: one in the vehicle console and one on the co-defendant. The total weight of the cocaine equaled 449 grams.

Rule 1925(a) Opinion ("1925(a) Op."), filed 8/30/24, at 1-2.

The court found Jenkins guilty of the charges and sentenced him to four to 96 months' incarceration, followed by four years of reporting probation, and ordered him to forfeit $16,300. Jenkins filed post-sentence motions that the trial court denied. This timely appeal followed.

Jenkins raises the following issue:

I.      Whether the trial court erred in finding sufficient evidence to convict Mr. Jenkins of conspiracy to

- 2 -

commit [PWID] given that there is no evidence in the record that Mr. Jenkins entered into an agreement to sell or transfer drugs with someone else and the evidence showed only that Mr. Jenkins may himself have been in possession of drugs with intent to deliver, a crime for which he was not charged.

Jenkins' Br. at 4 (suggested answer omitted).

Jenkins challenges the sufficiency of the evidence. He maintains that the Commonwealth failed to prove beyond a reasonable doubt that he and his co-defendant conspired to sell drugs together. Jenkins claims the evidence merely showed that he and his co-defendant carried cocaine in separate bags and traveled in the same car before fleeing from police. Jenkins notes that mere presence is not sufficient to establish conspiracy. He claims that the evidence does not show a shared criminal objective but instead a buyer/seller relationship between him and his co-defendant or that the two were working independently to possess or sell cocaine.

When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." *Commonwealth v. Feliciano*, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." *Id.* (citation omitted). The Commonwealth may meet its burden by wholly circumstantial

evidence. **Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa.Super. 2018).

The crime of conspiracy occurs when a person "with the intent of promoting or facilitating" the commission of a crime:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

The Commonwealth presents sufficient evidence of a criminal conspiracy where it establishes that the defendant "(1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Chambers**, 188 A.3d 400, 410 (Pa. 2018) (citation omitted). "Mere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient to prove that a particular actor was involved in a criminal conspiracy." **Id.** (internal quotation marks and citation omitted). However, circumstantial evidence may suffice to prove an agreement to commit an unlawful act. **See Commonwealth v. Thoeun Tha**, 64 A.3d 704, 710 (Pa.Super. 2013). Such evidence may include "the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." **Id.** (citation omitted).

- 4 -

Here, the court concluded that the totality of the circumstances, including the actions of the two men after police attempted to stop them, proved beyond a reasonable doubt that they were engaged in a conspiracy. We agree.

Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to sustain Jenkins' conviction for conspiracy to commit PWID. The Commonwealth presented circumstantial evidence that Jenkins and his co-defendant left the same residence carrying bags containing cocaine. Additionally, officers recovered cocaine, drug paraphernalia, cash, and a digital scale from the vehicle both men used to flee from police. Thus, the evidence established more than Jenkins' mere presence at the scene. Finally, the parties stipulated that the narcotics expert would testify that whoever possessed the cocaine did so with the intent to distribute it. *See* N.T., Trial, 1/24/24, at 5. The evidence was sufficient.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2025

- 5 -